Determination unanimously confirmed without costs and petition dismissed. Memorandum: Respondents' determination that petitioner violated Vehicle and Traffic Law § 319 (1) is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). (Article 78 Proceeding Transferred by Order of Supreme Court, Nassau County, Levitt, J.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ JUDITH S. RIVERA, Appellant, v JOSE A. RIVERA, Respondent. (Appeal No. 1.) [615 NYS2d 952] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for an expert valuation of defendant's law practice. When the divorce action was commenced, defendant had been suspended from the practice of law. Defendant was ultimately disbarred. The court properly found that defendant's law practice ceased to exist in September 1988 and that there was no marital asset to value.

We reject plaintiff's argument that defendant's professional misconduct amounted to the wrongful dissipation of a marital asset. There was no showing that, while committing professional misconduct, defendant intended to deprive plaintiff of her share of a marital asset *(see, Matter of Andrea v Andrea,* 152 Misc 2d 100, 102-103). (Appeal from Order of Supreme Court, Kings County, Schneier, J.—Vacate Default.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ JUDITH S. RIVERA, Appellant, v JOSE A. RIVERA, Respondent. (Appeal No. 2.) [615 NYS2d 1025] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion by signing an order submitted by defendant more than 60 days after the court rendered its decision *(see,* 22 NYCRR 202.48). Whether to accept a late order rests within the sound discretion of the court and defendant provided an adequate excuse for the delay *(see, Krueger v Wilde,* 204 AD2d 990; *Barnett v Star Mech. Corp.,* 171 AD2d 142, 146; *cf., Tuller v Tuller,* 162 AD2d 801, 801-802). (Appeal from Order of Supreme Court, Kings County, Schneier, J.—Abandonment of Motion.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ JUDITH S. RIVERA, Appellant, v JOSE A. RIVERA, Respondent. (Appeal No. 3.) [615 NYS2d 1025] —Appeal unanimously dismissed without costs *(see, Empire Ins. Co. v Food City,* 167

AD2d 983, 984). (Appeal from Order of Supreme Court, Kings County, Schneier, J.—Reargue.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

■ YVON BEAUGENE, Appellant, v DUO-FAST CORP., Respondent. [616 NYS2d 287] —Order unanimously reversed on the law with costs, motion granted and complaint reinstated. Memorandum: Supreme Court improvidently exercised its discretion in denying plaintiff's motion to restore the action to the trial calendar (see, CPLR 3404) and in dismissing the complaint. "[T]he failure to timely restore the case to the trial calendar creates only a presumption of abandonment, which may be rebutted by a conclusive showing that the party had no intention of abandoning the action (see, Marco v Sachs, 10 NY2d 542; McShan v Dilbert's Quality Supermarkets, 33 AD2d 792)" (Fiorello v South Shore Dental Assocs., 203 AD2d 323, 324). The record establishes that plaintiff never intended to abandon the action. (Appeal from Order of Supreme Court, Kings County, Dowd, J.—Restore to Calendar.) Present— Green, J. P., Balio, Fallon, Callahan and Davis, JJ.

■ FRANCES SOLOMON, Appellant, v LEONARD SOLOMON et al., Respondents. (Appeal No. 1.) [615 NYS2d 949] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting, pursuant to RPAPL 221, an order requiring the sheriff to eject plaintiff from the marital residence. Defendant Leonard Solomon (defendant) is not the record owner of the premises, and the judgment of divorce does not grant defendant exclusive possession of the premises nor does it direct plaintiff to vacate the premises. Thus, we reverse that order (appeal No. 3).

The court properly determined that disability insurance payments received by defendant following an automobile accident constitute compensation for personal injuries and are defendant's separate property (see, Fleitz v Fleitz, 200 AD2d 874). We reverse the judgment, however, insofar as it terminated an award of spousal maintenance as of a date some two months after trial (appeal No. 1). At the time of trial, plaintiff was 61 years of age and earned $4,000 annually as a substitute teacher. She had virtually no assets and there is no proof that she had an earning capacity exceeding her existing income or that she was otherwise employable. Further, plain-